UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON LAWALTER JONES, <br> Plaintiff, <br> v. <br> CITY OF OAKLAND, et al., <br> Defendants. | Case No. 19-cv-03012-RS (PR) <br><br> **ORDER TO SHOW CAUSE WHY PAUPER STATUS IS NOT BARRED** |

Plaintiff is ordered to show cause on or before **September 23, 2019** why 28 U.S.C. § 1915(g) does not bar pauper status for him. **If plaintiff fails to show cause or pay the full filing fee of $400.00 by that date, the order granting him pauper status will be vacated and the action dismissed.**

Plaintiff, a state prisoner and frequent litigant in federal court, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis* (IFP) under 28 U.S.C. § 1915. The IFP motion was granted by the magistrate judge who was overseeing this action prior to its assignment to the undersigned. (Dkt. No. 7.) It appears, however, that plaintiff may not be entitled to proceed IFP.

The Prison Litigation Reform Act of 1995 provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Under the law of the circuit, plaintiff must be afforded an opportunity to persuade the court that § 1915(g) does not bar pauper status for him. *See Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005). *Andrews* requires that the prisoner be given notice of the potential applicability of § 1915(g), by either the district court or the defendants, but also

requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. *Id. Andrews* implicitly allows the court to raise sua sponte the § 1915(g) problem, but requires the court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. *Id.* A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

Here, plaintiff has had at least three prior prisoner actions or appeals dismissed by a federal court on the grounds that they are frivolous, malicious, or that they fail to state a claim upon which relief may be granted:

**(1)** *Jones v. Alameda District Attorney's Office*, No. 15-cv-06145-PSG (N.D. Cal. Mar. 21, 2016) (suit dismissed for failure to state a claim)[1];

**(2)** *Jones v. Oakland Police Department*, No. 16-cv-00247-EDL (N.D. Cal. Jul. 8, 2016) (suit dismissed after plaintiff failed to file an amended complaint after the first complaint had been dismissed for failure to state a claim)[2];

**(3)** *Jones v. State of California, et al.*, No. 16-cv-00248-PSG (N.D. Cal. Mar. 30, 2016) (suit dismissed after plaintiff failed to file an amended complaint after the first

---

[1] A dismissal based on a defendant's immunity from suit counts as a strike, when the affirmative defense is apparent on the face of the complaint. "The district court properly counted *Reberger v. Suter*, No. 3:11–cv–00073 as a strike, because *Suter* was dismissed on the grounds that Reberger had failed to state a claim . . . Such a dismissal is appropriate when an affirmative defense barring relief appears on the face of the complaint . . . In *Suter*, it was clear from the face of the complaint that the affirmative defense of qualified immunity barred any relief for *Reberger*, and the court dismissed the case under Fed. R. Civ. P. 12(b)(6)." *Reberger v. Baker*, 657 Fed. App'x 681, 684 (9th Cir. 2016).

[2] These magistrate judge dismissals count as strikes under § 1915(g) even after *Williams v. King*, 875 F.3d 500 (9th Cir. 2017), which determined that a magistrate judge "lacks the authority to dismiss a case unless all parties have consented to proceed before the magistrate judge." *Hoffman v. Pulido*, No. 18-15661, slip op. 1, 8-10 (9th Cir. July 8, 2019) (rejecting plaintiff's contention that post-*Williams* a magistrate judge's dismissal of a case without obtaining the defendants' consent cannot count as a strike under § 1915(g)).

1   complaint had been dismissed for failure to state a claim)[3];

2       **(4)** *Jones v. Santa Rita Jail*, No. 16-cv-00249-EDL (N.D. Cal. Jul. 8, 2016) (suit

3   dismissed after plaintiff failed to file an amended complaint after the first complaint had

4   been dismissed for failure to state a claim).

5       In light of these dismissals, and because plaintiff does not appear to be under

6   imminent danger of serious physical injury, the Court now orders plaintiff to show cause

7   why IFP should not be denied and this action should not be dismissed pursuant to 28

8   U.S.C. § 1915(g).

9       Plaintiff's response to this order to show cause is due no later than **September 23,**

10  **2019**.  The response must clearly be labelled RESPONSE TO ORDER TO SHOW

11  CAUSE.  In the alternative to showing cause why this action should not be dismissed,

12  plaintiff may avoid dismissal by paying the full filing fee of $400.00 by the deadline.

13  **<u>Failure to file an appropriate response, or pay the full filing fee of $400.00, on or</u>**

14  **<u>before September 23, 2019, will result in the dismissal of this action without prejudice</u>**

15  **<u>to plaintiff bringing his claims in a new paid complaint.</u>**

16      Plaintiff's motion to issue a subpoena is DENIED as premature.  (Dkt. No. 12.)

17  The Clerk shall terminate Dkt. No. 12.

18      **IT IS SO ORDERED.**

19  **Dated:**  August  12, 2019

20                                          _____

21                                              RICHARD SEEBORG
                                                United States District Judge

22

23

24

25

_____

26  [3] When the district court dismisses a complaint for failure to state a claim and grants leave
    to amend, and the plaintiff then fails to file an amended complaint, the dismissal counts as
27  a strike under § 1915(g).  *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017).

28

*United States District Court*
*Northern District of California*