UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON LAWALTER JONES, <br> Plaintiff, <br> v. <br> CITY OF OAKLAND, et al., <br> Defendants. | Case No. 19-cv-03012-RS (PR) <br><br> **ORDER OF DISMISSAL** |

Plaintiff is barred from bringing this federal civil rights action *in forma pauperis* (IFP) because he has filed three or more federal actions that were dismissed as frivolous, malicious, or on grounds that they failed to state a claim for relief. Accordingly, plaintiff's IFP status is REVOKED and this federal civil rights suit is DISMISSED without prejudice to plaintiff bringing his claims in a new paid complaint.

Plaintiff was ordered to show cause on or before September 23, 2019 why the action should not be dismissed under 28 U.S.C. § 1915(g), which provides that a prisoner may not bring a civil action IFP "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." (Dkt. No. 14.) The order identified four prior federal court

actions ("strikes") that appeared to count under section 1915(g) and allowed plaintiff an opportunity to respond, as required by *Andrews v. King*, 398 F.3d 1113 (9th Cir. 2005). The order also informed plaintiff he could avoid dismissal by paying the filing fee by the deadline.

The strikes identified were:

**(1)** *Jones v. Alameda District Attorney's Office*, No. 15-cv-06145-PSG (N.D. Cal. Mar. 21, 2016) (suit dismissed for failure to state a claim)[1];

**(2)** *Jones v. Oakland Police Department*, No. 16-cv-00247-EDL (N.D. Cal. Jul. 8, 2016) (suit dismissed after plaintiff failed to file an amended complaint after the first complaint had been dismissed for failure to state a claim)[2];

**(3)** *Jones v. State of California, et al.*, No. 16-cv-00248-PSG (N.D. Cal. Mar. 30, 2016) (suit dismissed after plaintiff failed to file an amended complaint after the first complaint had been dismissed for failure to state a claim)[3];

---

[1] A dismissal based on a defendant's immunity from suit counts as a strike, when the affirmative defense is apparent on the face of the complaint. "The district court properly counted *Reberger v. Suter*, No. 3:11–cv–00073 as a strike, because *Suter* was dismissed on the grounds that Reberger had failed to state a claim. "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 166 L.Ed.2d 798 (2007). Such a dismissal is appropriate when an affirmative defense barring relief appears on the face of the complaint. *Id.* In *Suter*, it was clear from the face of the complaint that the affirmative defense of qualified immunity barred any relief for *Reberger*, and the court dismissed the case under Fed. R. Civ. P. 12(b)(6)." *Reberger v. Baker*, 657 Fed. App'x 681, 684 (9th Cir. 2016).

[2] These magistrate judge dismissals count as strikes under § 1915(g) even after *Williams v. King*, 875 F.3d 500 (9th Cir. 2017), which determined that a magistrate judge "lacks the authority to dismiss a case unless all parties have consented to proceed before the magistrate judge." *Hoffman v. Pulido*, No. 18-15661, slip op. 1, 8-10 (9th Cir. July 8, 2019) (rejecting plaintiff's contention that post-*Williams* a magistrate judge's dismissal of a case without obtaining the defendants' consent cannot count as a strike under § 1915(g)).

[3] When the district court dismisses a complaint for failure to state a claim and grants leave to amend, and the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g). *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017).

**(4)** *Jones v. Santa Rita Jail*, No. 16-cv-00249-EDL (N.D. Cal. Jul. 8, 2016) (suit dismissed after plaintiff failed to file an amended complaint after the first complaint had been dismissed for failure to state a claim).

Plaintiff filed a response to the order to show cause. (Dkt. No. 17.) He contends he could not file amended complaints in the prior cases because he had a bipolar crisis or was otherwise not mentally or physically capable of filing an adequate pleading. He alleges that he is therefore entitled to the imminent danger exception.

This is not a proper invocation of the imminent danger exception. To qualify, plaintiff must show that he faced an imminent danger *at the time he filed the instant suit*, not during the litigation of the prior suits. Plaintiff therefore has not shown why the prior suits should not count as strikes. He does not show, for instance, that his pleadings in the prior suits did state claims, or provide any adequate reason why his suits should not have been dismissed.

Plaintiff therefore has not shown any reason that the restrictions of section 1915(g) should not be imposed. He has failed to (i) pay the filing fee; (ii) show that any of the strikes do not qualify under section 1915(g); (iii) show that he qualifies for the imminent danger exception; or (iv) otherwise show cause why this action should not be dismissed.

Accordingly, plaintiff's IFP status is REVOKED. This civil rights action is DISMISSED without prejudice to plaintiff bringing his claims in a new paid complaint. The Clerk shall terminate all pending motions, enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED.**

**Dated:** September 30, 2019

_____
RICHARD SEEBORG
United States District Judge

ORDER OF DISMISSAL
CASE NO. 19-cv-03012-RS

3